Henry P. Gonzalez, LL.M. (HPG 9238)
Gonzalez del Valle Law
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036

Attorneys for Plaintiff, Hanjin Logistics, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------X
HANJIN LOGISTICS, INC.,                       :
                                              :
                            Plaintiff,        :    Case No.: 13 CV 860 (CM) (RLE)
                                              :
                                              :    ECF CASE
      v.                                      :
                                              :
                                              :    COMPLAINT
                                              :
LAP PROJECTS (ASIA) PTE LTD,                  :
                                              :
                           Defendant.         :
----------------------------------------------------X
```

     Plaintiff, Hanjin Logistics, Inc. ("Plaintiff" or "Hanjin"), by its attorneys, brings this action against Lap Projects (Asia) Pte Ltd ("Defendant"), and for its complaint alleges the following upon information and belief:

<u>**JURISDICTIONAL ALLEGATIONS**</u>

     1.     The Jurisdiction of this Court is founded on the admiralty or maritime character of the claim as more fully appears below.  This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

     2.     This Court also has civil and admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1331, 1332, and 1333 and 1367.

## VENUE

3.      Venue is proper in this Court as, because Hanjin's Terms and Conditions provides for venue in the United States District Court for the Southern District of New York.

## THE PARTIES

4.      Plaintiff, Hanjin Logistics, Inc. is a Non-Vessel Operating Common Carrier ("NVOCC") licensed by the Federal Maritime Commission ("FMC") and is incorporated in the State of New Jersey with its principal place of business at 80 East Route 4 Suite 490, Paramus, NJ 07652, USA.

5.      Upon information and belief, Defendant is a Singapore corporation with its principal place of business at 8, Ubi Road 2, Zervex #06-06/07 Singapore 408538. Singapore. Defendant is also an NVOCC registered with the FMC.

## FACTS

6.      Between May 17, 2012 and September 28, 2012, Defendant contracted with Hanjin for Hanjin to provide ocean transportation for Defendant's or Defendant's customers' cargo from point of origin to point of destination.  Hanjin provided Defendant the ocean transportation requested by Defendant's.  However, Defendant has failed to pay Hanjin $212,680.80 for freight and related charges.  Although duly demanded by Hanjin, Defendant has failed to pay any of the amounts due and owing to Hanjin.

## COUNT I: BREACH OF CONTRACT

7.      Hanjin incorporates the allegations in Paragraph 1 through 6 above as if fully set forth herein.

8.     Hanjin and Defendant entered into contracts of carriage as evidenced by Hanjin's Bills of Lading, and ocean shipping documents.

9.     Under the contracts of carriage, Defendant was obligated to pay Hanjin the charges for the services provided to Defendant by Hanjin.

10.     Hanjin has duly performed all obligations, conditions, and promises to be performed pursuant to the contracts of carriage and contracts of services between Hanjin and Defendant.

11.     However, Defendant breached the contracts of carriage between Hanjin and Defendant by failing to reimburse Hanjin for its freight charges and related charges and Hanjin's advancement of payments to pay underlying vessel carriers for the ocean transportation of Defendant's cargo from point of origin to point of destination.

12.     As a result of Defendant's failure to pay and/or reimburse Hanjin, Hanjin suffered damages in excess of $212, 680.80 as of January 28, 2013.

## COUNT II

## ACCOUNT STATED

13.     Hanjin incorporates the allegations in paragraph 1 through 12 above as if fully set forth herein.

14.     Hanjin has provided Defendant a statement of accounts reflecting all freight and related charges now outstanding and owed by Defendant to Hanjin.  Between November 7, 2012 and January 13, 201, Hanjin provided to Defendant numerous written demands for payments. Hanjin also provided Defendant invoices and statements of accounts between  November 7, 2012 and January 13, 2013.     Defendant responded to Hanjin's demands for payment by promising to make payments.     Notwithstanding

Hanjin's numerous invoices and statemenst of accounts to Defendant, Defendant failed to pay Hanjin those invoices that remain outstanding to date.

15.    Upon receiving Plaintiff's account during the time described above, defendants made no payments pursuant to these accounts nor did Defendant make any objections orally or in writing to the amounts stated in the accounts from the time of billing through and including the date of filing this complaint.

16.    The outstanding balance of payment due from Defendant in this action was allowed to remain for an unreasonable period of time without payment. The amount of time during which the account was pending extended from the time the underlying service were rendered by Hanjin to Defendant, and through the time Defendant continued to ignore its freight payment obligations to Hanjin.

17.    On the basis of Defendant's having received Hanjin's statement of accounts and Hanjin's invoices, and having not objected to it together with nonpayment of Plaintiff's account for an unreasonable period of time, Defendant is legally responsible and liable for an account stated in excess of $212,680.80..

## COUNT III: QUANTUM MERUIT AND UNJUST ENRICHMENT

18.    Hanjin incorporates the allegations in paragraph 1 through 17 above as if fully set forth herein.

19.    Hanjin conferred a benefit upon Defendant in good faith by providing transportation services.

20.    Defendant accepted the benefit of Hanjin's transportation services for the relevant cargo transported by Hanjin for the benefit of Defendant.

21.     Hanjin, as an NVOCC indirect common carrier of Defendant, expected compensation and reimbursement for the services provided to Defendant for the relevant cargo.

22.     Defendant has failed and refused to pay the outstanding charges to Hanjin in an amount in excess of $212,680.80 although duly demanded numerous times.

23.     Defendant has been unjustly enriched in that they have not paid Hanjin ocean freight and related charges, which Hanjin incurred or paid with an understanding that Defendant would later pay or reimburse Hanjin.

## DAMAGES

24.     By reason of the foregoing, Hanjin has sustained damages in excess of $212,680.80 as of January 28, 20013.

**WHEREFORE**, Plaintiff respectfully prays for the following:

(a)     A judgment against Defendant be entered in favor of the Plaintiff and against Defendant, together with additional costs and attorneys' fees incurred, plus interest at a rate as this Court may deem appropriate;

(b)     A process in due form of law according to the practice of this Honorable Court may issue against the Defendant citing the Defendant to appear and answer under oath all singular matters stated in this Complaint; and

(c)     Such other and further relief this Court deems just, proper, and appropriate

in this case.

Dated: February 4, 2013

Respectfully submitted,

Henry P. Gonzalez, LL.M. (HPG 9238)
**Gonzalez del Valle Law**
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
(202) 973-2980   Telephone
(202) 261-3534   Facsimile

Attorneys for Plaintiff Hanjin Logistics, Inc.